kaw

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**RITCHIE MOORE BEY,**            )
                                  )
        **Plaintiff,**    )
                                  )
vs.                               )
                                  )
**DAVID DILLON and MIKE CARSON,** )    Case No. 08-3036-JAR
        **Defendants.**   )
                                  )

## MEMORANDUM AND ORDER

### Background

Plaintiff is a prisoner at the Douglas County Jail in Lawrence, Kansas. He brings this action against David Dillon, the Douglas County Jail Operations Lieutenant, and Mike Carson, the Activities Director, for violation of his First Amendment, Eighth Amendment, and Fourteenth Amendment rights. He seeks $500,000 in pain and suffering, a permanent injunction requiring Dillon and Carson to provide plaintiff with a Kosher diet, and a Temporary Injunction requiring Dillon and Carson to provide him with a Kosher diet in the pendency of this action. The Court now considers plaintiff's Motion for a Temporary Injunction (Doc. 10).

Plaintiff claims that while being booked into the County jail on December 3, 2007, and on January 15, 2008, he was forced to go without food because officials did not want to provide him with a Kosher diet. Plaintiff claims that Carson directed prison staff to not provide plaintiff with a Kosher diet, and as a result, plaintiff went fourteen days without food. After informing Dillon of the circumstances, plaintiff claims that Dillon permitted his staff to exclude plaintiff from receiving a Kosher diet in accordance with is Jewish faith.

### Discussion

The standard for a preliminary injunction is well established.

> To prevail on a motion for a preliminary injunction in the district court, a moving party must establish that: (1) [he or she] will suffer irreparable injury unless the injunction issues; (2) the threatened injury . . . outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood [of success] on the merits.[1]

There are three types of injunctions that are disfavored in the Tenth Circuit, and thus, are subjected to a heightened burden. Those injunctions are: (1) preliminary injunctions that alter the status quo; (2) mandatory preliminary injunctions; and (3) preliminary injunctions that afford the movant all the relief that he could recover at the conclusion of a full trial on the merits.[2] If an injunction falls into one of these categories, it "must be more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course. Furthermore . . . movants seeking such an injunction are not entitled to rely on this Circuit's modified-likelihood-of-success-on-the-merits standard."[3] "Instead, a party seeking such an injunction must make a strong showing both with regard to the likelihood of success on the merits and with regard to the balance of harms . . . ."[4]

None of the distinctions above warrant any discussion because plaintiff has failed to state the standard, yet alone, meet his burden. Plaintiff provides no basis on which this Court may act. As such, the Court is inclined to permit plaintiff to submit evidence of the factors the Court must

---

[1] *Summum v. Pleasant Grove City*, 483 F.3d 1044, 1048 (10th Cir. 2007) (quoting *Schrier v. Univ. Colorado*, 427 F.3d 1253, 1258 (10th Cir. 2005)).

[2] *O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 975 (10th Cir. 2004) (per curiam), *aff'd*, 126 S. Ct. 1211 (2006); *see also Schrier*, 427 F.3d at 1258–59.

[3] *O Centro*, 389 F.3d at 975–76.

[4] *Id.* at 976.

consider to grant a preliminary injunction.  Plaintiff shall have until **March 31, 2008**, to file renewed motion with affidavits and evidence to support.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion for a Temporary Injunction (Doc. 10) is **DENIED** without Prejudice.

**IT IS SO ORDERED.**

Dated this 3rd day of March 2008.

  S/ Julie A. Robinson
**Julie A. Robinson**
**United States District Judge**