kaw

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **RITCHIE MOORE BEY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | |
| **DOUGLAS COUNTY** ) | |
| **CORRECTIONAL FACILITY,** ) | |
| **DAVID DILLON and MIKE CARSON,** ) | Case No. 08-3036-JAR |
| ) | |
| **Defendants.** ) | |
| ) | |

## MEMORANDUM AND ORDER

Plaintiff Ritchie Moore Bey is a prisoner at the Douglas County Correctional Facility ("DCCF") in Lawrence, Kansas. He brings this action against David Dillon in his official capacity as the DCCF Operations Lieutenant, and Mike Carson, the Activities Director, in his individual capacity for violation of plaintiff's First Amendment, Eighth Amendment, and Fourteenth Amendment rights. On March 3, 2008, the Court issued an Order (Doc. 15) denying plaintiff's Motion for a Preliminary Injunction. The Court granted plaintiff until March 31, 2008, to submit a new motion addressing the elements for a preliminary injunction. On March 18, 2008, plaintiff filed his second Motion for a Preliminary Injunction (Doc. 17). The Court has reviewed this motion and is ready to rule. For the reasons stated below, plaintiff's motion is granted. DCCF is ordered to provide plaintiff with Kosher food in accordance with his sincerely held Jewish faith.

**Background**

The facts of this case are incorporated by reference to the Court's Order (Doc. 15) of March 3, 2008. Only the newly remitted facts are expressed here. Plaintiff has provided this

Court with copies of his inmate request forms.  Apparently, sometime in January 2008, plaintiff and DCCF officials agreed that he would obtain a Kosher diet.  DCCF officials then began serving plaintiff what they regarded as Kosher foods, individually pre-packaged meals and individual side items.  Plaintiff objected to the foods, claiming that having kitchen staff package the food made it not Kosher.  DCCF officials, quite cooperatively, asked what they should do to make sure that plaintiff's food was packaged in accordance with Kosher dictates.  Plaintiff then told officials that his Kosher foods could not be treated in the same kitchen as non-Kosher items, and thus that his food should not be removed from packaging and then packaged in the DCCF kitchen.  Plaintiff suggested that DCCF officials use a certain company to provide the Kosher meals that he requested, but DCCF officials could not, citing that the DCCF is currently under an agreement with another company, which also provides Kosher meals.  In the meantime, however, samples of the current food supplier's Kosher meals would be used.  Even with DCCF officials' current agreement to provide Kosher foods, plaintiff insists that he is without the proper Kosher diet.

**Discussion**

The standard for a preliminary injunction is well established.

> To prevail on a motion for a preliminary injunction in the district court, a moving party must establish that: (1) [he or she] will suffer irreparable injury unless the injunction issues; (2) the threatened injury . . . outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood [of success] on the merits.[1]

In cases where the movant has prevailed on the other factors, the Tenth Circuit generally

---

[1] *Summum v. Pleasant Grove City*, 483 F.3d 1044, 1048 (10th Cir. 2007) (quoting *Schrier v. Univ. Colorado*, 427 F.3d 1253, 1258 (10th Cir. 2005)).

uses a liberal standard for "probability of success on the merits," so the moving party need only raise "questions going to the merits so serious, substantial, difficult and doubtful as to make them a fair ground for litigation and thus for more deliberate investigation."[2]

There are three types of injunctions that are disfavored in the Tenth Circuit, and thus, are subjected to a heightened burden. Those injunctions are: (1) preliminary injunctions that alter the status quo; (2) mandatory preliminary injunctions; and (3) preliminary injunctions that afford the movant all the relief that he could recover at the conclusion of a full trial on the merits.[3] Injunctions of the types above "must be more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course. Furthermore . . . movants seeking such an injunction are not entitled to rely on this Circuit's modified-likelihood-of-success-on-the-merits standard."[4] "Instead, a party seeking such an injunction must make a strong showing both with regard to the likelihood of success on the merits and with regard to the balance of harms . . . ."[5] Here, plaintiff's action does not fall into one of the categories because he seeks relief for violation of his First, Eighth, and Fourteenth Amendment rights.

### *Irreparable Harm*

"To constitute irreparable harm, an injury must be certain, great, actual 'and not

---

[2]*Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004) (applying standard articulated in *Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir.1980)).

[3]*O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 975 (10th Cir. 2004) (per curiam), *aff'd*, 126 S. Ct. 1211 (2006); *see also Schrier*, 427 F.3d at 1258–59.

[4]*O Centro*, 389 F.3d at 975–76.

[5]*Id.* at 976.

theoretical.'"[6] Irreparable harm is more than "merely serious or substantial" harm.[7] This requirement is met by a plaintiff demonstrating that there is a significant risk of harm that cannot be cured by monetary damages.[8] The party seeking the preliminary injunction bears the burden of showing that "the injury complained of is of such imminence that there is a clear and present need for equitable relief."[9]

Here, the irreparable harm to plaintiff is the violation of his First Amendment free exercise right. Generally, when a plaintiff alleges the deprivation of his First Amendment rights, courts do not require more in the showing of irreparable harm.[10] Here, irreparable harm is shown because plaintiff's claim is for violation of his First, Eighth, and Fourteenth Amendment rights. As such, plaintiff has satisfied his burden.

### *Harm to Plaintiff v. Harm to Defendants' & Public's Interest*

The harm to defendants if the injunction is issued seem quite *de minimus*, considering that DCCF officials seem willing and able to comply with plaintiff's requests for Kosher foods. Moreover, there seem to be no considerations of harm to the public if the injunction is issued. The Court notes that DCCF is under an agreement with a food supplier that carries Kosher foods. As such, there seems to be no hardship to the public or to the defendants. DCCF simply needs to order the Kosher meals and package the foods separately from non-Kosher foods, that is in a

---

[6] *Heidman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (quoting *Wis. Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir.1985)).

[7] *Id.* (quoting *Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1235, 1250 (10th Cir. 2001)).

[8] *Greater Yellowstone Coal v. Flowers*, 321 F.3d 1250, 1258 (10th Cir. 2003) (citations omitted).

[9] *Heidman*, 348 F.3d at 1189.

[10] *Kikumura v. Hurley*, 242 F.3d 950, 963 (10th Cir. 2001) (citing CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2948.1 (2d ed. 1995)).

kitchen or separate room where non-kosher foods are not packaged or prepared.

### *Likelihood of Success on the Merits*

Because plaintiff has shown that the other factors fall in his favor, he need only raise "questions going to the merits so serious, substantial, difficult and doubtful as to make them a fair ground for litigation and thus for more deliberate investigation."[11]  The Court is cautious in its decision, and the chance that defendants are deliberately not providing plaintiff with Kosher diet based on his sincerely held religious beliefs "raises serious, substantial and difficult questions which merit more deliberate inquiry."[12]

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion for a Preliminary Injunction (Doc. 17) is granted.

**IT IS FURTHERED ORDER THAT** the Douglas County Correctional Facility provide plaintiff with Kosher Foods in accordance with his Sincerely Held Jewish faith.

**IT IS SO ORDERED.**

Dated this 28th day of March 2008.

S/ Julie A. Robinson
**Julie A. Robinson**
**United States District Judge**

---

[11] *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004) (applying standard articulated in *Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir.1980)).

[12] *United States v. Beerheide*, 997 F. Supp. 1405, 1411 (10th Cir. 1998).