kaw

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **RITCHIE MOORE BEY,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**DOUGLAS COUNTY** )<br>**CORRECTIONAL FACILITY,** )<br>**DAVID DILLON and MIKE CARSON,** )<br>)<br>**Defendants.** )<br>) | Case No. 08-3036-JAR |

## MEMORANDUM AND ORDER

The Court now considers plaintiff Ritchie Moore Bey's Motion to Enforce Court Ordered Preliminary Injunction and for Sanctions (Doc. 23). For the reasons stated below, plaintiff's motion is denied.

**Background**

Plaintiff Ritchie Moore Bey is an inmate at the Douglas County Correctional Facility ("DCCF") in Lawrence, Kansas. He brings this action pursuant to 42 U.S.C. § 1983 against David Dillon in his official capacity as the DCCF Operations Lieutenant, and Mike Carson, the Activities Director, in his individual capacity for violation of his First Amendment, Eighth Amendment, and Fourteenth Amendment rights. On March 3, 2008, the Court issued an Order (Doc. 15) denying plaintiff's Motion for a Preliminary Injunction. The Court granted plaintiff until March 31, 2008, to submit a new motion addressing the elements for a preliminary injunction. On March 18, 2008, plaintiff filed his second Motion for a Preliminary Injunction (Doc. 17), which was granted on March 28, 2008 (Doc. 20).

On April 16, 2008, plaintiff filed the current motion, seeking the Court's power to

enforce its Order and for sanctions. Plaintiff claims that, even though this Court has ordered defendants to provide him with a Kosher diet, he is not obtaining a Kosher diet in accordance with his Jewish Faith. Both parties have submitted affidavits and exhibits to support their contentions. Defendants have submitted a number of exhibits detailing the steps DCCF has taken to ensure that plaintiff receives a Kosher diet.

DCCF states that on January 16, 2008, plaintiff made a request for Kosher diet based on his religious faith, which was granted January 25, 2008. Even though DCCF agreed to provide plaintiff with a Kosher diet, he still complained that the food provided was not Kosher because it was prepared in the same kitchen as non-Kosher foods. Administrators at DCCF asked plaintiff what they could to do make sure that his food was prepared with the requisite means to make it Kosher. In response, plaintiff stated that his food should be prepared in a separate area and pre-packaged. Plaintiff requested that DCCF provide food from a certain company, but DCCF declined, citing an ongoing contract with the current food provider. DCCF continued to provide plaintiff's meals pre-packaged and continued to prepare his food in a separate area in the kitchen.

After plaintiff's preliminary injunction was granted, DCCF purchased a separate microwave and cutting board to prepare plaintiff's food. All his food continued to be pre-packaged and prepared according to the directives of the Jewish Faith. DCCF even went as far as to consult a Rabbi in the preparation of plaintiff's food.

Rabbi Zalman Tiechtel, Executive Director of CHABAD Center for Jewish Life at the University of Kansas, reviewed DCCF's procedures and practices in preparing plaintiff's food, and concluded that the steps taken by DCCF are in accordance with Kosher practices.

**Discussion**

Under the Religious Land Use and Institutionalized Persons Act of 2000, the government shall not impose a substantial burden on the religious practices of any person incarcerated in any facility unless it can show that the burden is in furtherance of a compelling governmental interest and is the least restrictive means in furthering that interest.[1]  Plaintiff has the burden of showing that DCCF's practices substantially burden his religious beliefs.[2]  A prisoner's religious belief is substantially burdened where a prison policy "significantly inhibit[s] or constrain[s] conduct or expression that manifests some central tenet of a person's individual religious beliefs; . . . meaningfully curtail[s] a person's ability to express adherence to is or her faith; or . . . den[ies] a person reasonable opportunities to engage in those activities . . . fundamental to" his or her religion.[3]

Defendants argue that enforcement of the Court's Order is not required because defendants are providing plaintiff a Kosher diet and thus, plaintiff cannot establish that there is a substantial burden on his religious beliefs.  Plaintiff does not seem to contradict much of the facts laid out by the defendants.  Indeed, he states that DCCF has purchased a new microwave and cutting board to ensure that his meals are properly prepared and served.  As such, there is no issue in dispute.  Rather, defendants state, plaintiff has refused to eat the provided food even after the Rabbi concluded that the food is in accordance with Kosher practices.[4]  Defendants set

---

[1] 42 U.S.C. § 2000cc-1(a).

[2] *Baranowski v. Hart*, 486 F.3d 112, 125 (5th Cir. 2007); *see also Koger v. Bryan*, __ F.3d __, 2008 WL 1821311, at *3 (7th Cir. April 24, 2008).

[3] *Patel v. United States Bureau of Prisons*, 515 F.3d 807, 813 (8th Cir. 2008) (quoting *Murphy v. Mo. Dep't of Corr.*, 372 F.3d 979, 988 (8th Cir. 2004)).

[4] *Patel*, 515 F.3d at 816 (finding no substantial burden on prisoner's religious beliefs after prison officials contacted religious leaders to evaluate prisoner's accommodations).

forth evidence tending to show that defendants are being quite accommodating to plaintiff's Kosher diet.[5]  As such, plaintiff cannot establish that there is a substantial burden on his religious beliefs.  His motion is denied.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion to Enforce Court Ordered Preliminary Injunction and for Sanctions (Doc. 23) is denied

Dated this 1st day of May 2008.

S/ Julie A. Robinson
**Julie A. Robinson**
**United States District Judge**

---

[5]*Kretchmar v. Beard*, 241 F. App'x 863, 865 (3d Cir. 2007) (stating that non-rotating Kosher diet did not place a substantial burden on prisoner's religious beliefs).