kaw/ko

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **RITCHIE MOORE BEY,** | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | |
| **DOUGLAS COUNTY CORRECTIONAL FACILITY, DAVID DILLON and MIKE CARON,** | ) | **Case No. 08-3036-JAR** |
| **Defendants.** | ) | |

**MEMORANDUM AND ORDER**

The court now considers plaintiff Ritchie Moore Bey's Motion to Amend his Complaint (Doc. 12), Motion for Order of Protection (Doc. 25), and Motion for Summary Judgment (Doc. 39). For the reasons detailed below, plaintiff's Motion for Order of Protection is denied, and plaintiff's Motion for Summary Judgment is denied. Plaintiff's Motion to Amend his Complaint is granted.

## I. Evidentiary Issues

Unauthenticated documents cannot be considered by a court in determining a summary judgment motion.[1] For documents "not yet part of the court record to be considered by a court in support of or in opposition to a summary judgment motion they must meet a two-prong test."[2] First, the document "must be attached to and authenticated by an affidavit which conforms to Fed R. Civ. P. 56(e)."[3] Second, "the affiant must be a competent witness through whom the

[1] *Bell v. City of Topeka, Kan.*, 496 F. Supp. 2d 1182, 1184 (D. Kan. 2007).

[2] *Id.*

[3] *Id.*

document can be received into evidence."[4] Additionally, "all facts on which a motion . . . is based shall be presented by affidavit, declaration under penalty of perjury, and/or relevant portions of pleadings, depositions, answers to interrogatories and responses to requests for admissions."[5]

Plaintiff submits many facts the Court does not consider because they lack evidentiary support. Among others, Exhibit "O", which is a document plaintiff asserts was written by defendant Mike Caron, has not been authenticated by an affidavit as required by Fed. R. Civ. P. 56(e).[6] Additionally, plaintiff does not support many facts with any appropriate corresponding documents as required by Rule 56.1(d).[7] Accordingly, the Court declines to consider any unauthenticated or unsupported evidence in its decision.

## II. Uncontroverted Facts

The following facts are taken in the light most favorable to the defendants. Ritchie Moore Bey is an inmate at Douglas County Correctional Facility ("DCCF"). Moore Bey requested a Kosher diet on January 16, 2008, through an inmate request form. Defendants informed Moore Bey that DCCF was a "no pork institution" and offered a vegetarian diet as an alternative to comply with his religious beliefs. Caron put together an 84 page packet of materials gathered from a website about Moorish Science Temple of America, the religion Moore Bey asserted required him to receive Kosher meals. The information gathered did not

[4] *Id.*

[5] D. Kan. Rule 56.1(d).

[6] Defendants claim in their opposition that exhibit "O" is not attached; however, exhibit O is located after exhibit N and before exhibit B.

[7] D. Kan. Rule 56.1(d).

lead defendants to believe that Moore Bey's religion required a Kosher meal. Nevertheless, defendants ordered individual samples of Kosher food and began serving plaintiff on January 25, 2008. Between February 4 and February 20, 2008, Moore Bey expressed to defendants his dissatisfaction with the diet defendants provided, because he did not believe it fully complied with the standards of his religion. Defendants subsequently purchased a separate microwave, cutting board, and knife to prepare Moore Bey's food and prepared his food in an area separate from non-Kosher foods. Defendants had their food preparation methods and procedures inspected by Rabbi Zalman Tiechtel, who indicated Moore Bey's food was being prepared in accordance with Kosher practices.

## III. Discussion

Because plaintiff pursues his action pro se, the Court must remain mindful of additional considerations. A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than pleadings drafted by lawyers.[8] Thus, if a pro se plaintiff's complaint can reasonably be read "to state a valid claim on which the plaintiff could prevail, [the court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."[9] However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant."[10] For that reason, the court should not "construct arguments or

---

[8]*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 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)).

[9]*Id.*

[10]*Id.*

theories for the plaintiff in the absence of any discussion of those issues,"[11] nor should it "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf."[12]

**A. Motion To Amend**

Generally, leave to amend is "freely given."[13] "Whether to grant leave to amend is within the discretion of the district court," but "the district court must give a reason for refusal."[14] "If the delay in amending results in prejudice to the opposing party, denial of the motion is justified."[15] Typically, a party is granted leave to amend unless there is "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[16]

The Court notes that when plaintiff's motion to amend was filed, he did not need leave to amend from the Court because defendants had not yet filed a responsive pleading and plaintiff had not previously amended his Complaint.[17] However, defendants filed an Answer before the Court's ruling and did not oppose the motion to amend. Therefore, in the absence of opposition from the defendants and no finding of undue delay, prejudice, bad faith, or futility, the Court

---

[11]*Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991).

[12]*Whitney v. State of N.M.*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

[13]*Duncan v. Manager, Dept. of Safety, City and County of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005) (citing Fed. R. Civ. P. 15(a)).

[14]*Id.* (citing *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330-31 (1971)).

[15]*Fed. Ins. Co. v. Gates Learjet Corp.*, 823 F.2d 383, 387 (10th Cir. 1987).

[16]*Duncan*, 397 F.3d at 1315 (citing *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)).

[17]*See* Fed. R. Civ. P. 15(a) ("A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . .").

grants plaintiff's motion to amend to add Ken Massey as a defendant for violation of plaintiff's Eighth Amendment rights as set forth in his motion.

**B. Motion for Order of Protection**

Plaintiff seeks an order of protection from the Court preventing defendants from "systematically" starving him and requiring that plaintiff eat in accordance with the Jewish faith. The Court construes plaintiff's motion as one for preliminary injunction. The Court has already granted plaintiff's motion for a preliminary injunction (Doc. 20). Therefore, plaintiff's request is denied as moot. To the extent plaintiff is asking for an enforcement of the preliminary injunction, the Court denies the motion for the same reasons stated in its order on May 1, 2008 (Doc. 31).

**C. Motion for Summary Judgment**

***1. Standard***

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[18] A fact is only material under this standard if a dispute over it would affect the outcome of the suit.[19] An issue is only genuine if it "is such that a reasonable jury could return a verdict for the nonmoving party."[20] The inquiry essentially determines if there is a need for trial, or whether the evidence "is so one-sided that one party must prevail as a matter of law."[21]

---

[18]Fed. R. Civ. P. 56(c).

[19]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[20]*Id.*

[21]*Id.* at 251–52.

The moving party bears the initial burden of providing the court with the basis for the motion and identifying those portions of the record that show the absence of a genuine issue of material fact.[22] "A movant that will not bear the burden of persuasion at trial need not negate the nonmovant's claim."[23] The burden may be met by showing that there is no evidence to support the nonmoving party's case.[24] If this initial burden is met, the nonmovant must then "go beyond the pleadings and 'set forth specific facts' that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant."[25] If the moving party bears the burden of proof at trial, "it must point to evidence in the record that supports its version of all material facts and demonstrates an absence of a genuine issue of material facts."[26] "If the moving party does not meet this burden, the court must deny summary judgment even if the nonmoving party does not produce any opposing evidence."[27] If the moving party does meet its burden, the nonmoving party must offer more than mere allegations and denials to create a genuine issue of material fact.[28] When examining the underlying facts of the case, the Court is cognizant that it may not make credibility determinations or weigh the evidence.[29] Furthermore,

---

[22]*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[23]*Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (citing *Celotex Corp.*, 477 U.S. at 325).

[24]*Id.*

[25]*Id.*

[26]*Celotex Corp.*, 477 U.S. at 331 (Brennan, J., dissenting).

[27]*Id.*

[28]*Id.*

[29]*Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986).

the record is to be viewed in the light most favorable to the nonmoving party.[30]

### 2. *Religious Land Use and Institutionalized Persons Act*

Although plaintiff does not specifically address a claim under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), the Court liberally construes his pro se motion to include a claim under the RLUIPA as it is alleged in some of the supporting exhibits.[31] To bring a claim under RLUIPA,[32] the plaintiff must show that the government has imposed a substantial burden on his religious exercise.[33] "The term 'religious exercise' includes any exercise of religion, whether or not compelled by, or central to, a system of religious belief."[34] The Tenth Circuit interprets "substantial burden" in reference to the Religious Freedom Restoration Act of 1993[35] and First Amendment jurisprudence.[36] Therefore, under Supreme Court precedent, a "substantial burden" occurs when a state "put[s] substantial pressure on an adherent to modify his behavior and to violate his beliefs,"[37] or when a person is required to "choose between following the precepts of her religion and forfeiting [ ] benefits, on the one hand, and abandoning

---

[30] *Harrison v. Wahatoyas, LLC*, 253 F.3d 552, 557 (10th Cir. 2001).

[31] Additionally, defendants' memorandum in opposition of plaintiff's motion for summary judgment responds as though plaintiff's claim was under the RLUIPA.

[32] 42 U.S.C. §§ 2000cc-2000cc-5 (stating in relevant part: "No government shall impose or implement a land use regulation in a manner that imposes a substantial burden on the religious exercise of a person, including a religious assembly or institution, unless the government demonstrates that imposition of the burden on that person, assembly or institution-- (A) is in furtherance of a compelling governmental interest; and (B) is the least restrictive means of furthering that compelling governmental interest").

[33] *See id.*

[34] 42 U.S.C § 2000cc-5(7)(A).

[35] 42 U.S.C. §§ 2000bb-2000bb-5.

[36] *Grace United Methodist Church v. City of Cheyenne*, 451 F.3d 643, 661 (10th Cir. 2006) (citations omitted).

[37] *Thomas v. Review Bd. of Ind. Employment Sec. Div.*, 450 U.S. 707, 7188 (1981).

the precepts of her religion . . . on the other."[38] However, "incidental effects of government programs, which may make it more difficult to practice certain religions but which have no tendency to coerce individuals into acting contrary to their religious beliefs" do not substantially burden a person's religious exercise.[39] Whether a regulation operates as a "substantial burden" on a person's religious exercise is a fact question.[40] Once plaintiff has established his initial burden, the government must demonstrate that the burden is in furtherance of a compelling governmental interest and is the least restrictive means of doing so.[41]

Here, plaintiff has not met his burden because he has not pointed to evidence in the record that supports his version of the material facts. Furthermore, plaintiff gives no legal authority or discussion showing that the uncontroverted facts entitle him to relief on any theory. The Court declines to construct arguments or theories for the plaintiff in the absence of any discussion of those issues. Therefore, plaintiff has not met his burden of demonstrating the absence of genuine issues of material facts and the Court denies summary judgment.

### 3. *First Amendment*

Prisoners retain constitutional rights.[42] Incarceration, however, involves the limitation of many rights due to considerations underlying our penal systems.[43] To evaluate an inmate's claim that a policy of the correctional facility impermissibly infringes on a constitutionally protected

---

[38]*Sherbert v. Verner*, 374 U.S. 398, 404 (1963).

[39]*Lyng v. Northwest Indian Cemetery Protective Ass'n*, 485 U.S. 439, 450-51 (1988).

[40]*Kikumura v. Hurley*, 242 F.3d 950, 960 (10th Cir. 2001) (Ebel, J., concurring).

[41]*See* 42 U.S.C. § 2000cc-1(A).

[42]*LaFevers v. Saffle*, 936 F.2d 1117, 1118-19 (10th Cir. 1991) (citing *Bell v. Wolfish*, 441 U.S. 520, 545 (1979)).

[43]*Id.* at 1119 (citing *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987)).

religious freedom, the trier of fact must determine if the prisoner is sincere in his religious beliefs.[44] The guarantees of the First Amendment are not limited to beliefs shared by all members of a religious sect, thus a plaintiff is entitled to invoke First Amendment protection if his religious beliefs are sincerely held.[45] Furthermore, an individual's genuine and sincere belief in religious dietary practices warrants constitutional protection.[46] The inquiry into the sincerity of a plaintiff's beliefs is almost exclusively a credibility assessment, and therefore, the issue can rarely be determined on summary judgment.[47] Moreover, the plaintiff must show that his sincerely held beliefs are substantially burdened.[48] The requirements of showing that a sincerely held belief is substantially burdened are the same as discussed above for a claim under RLUIPA. If the inmate establishes that he holds a substantially burdened sincerely held-belief, the defendants may "'identify the legitimate penological interests that justif[ied] the impinging conduct.'"[49]

Because the issue of whether a belief is sincerely held is a credibility issue, the Court denies summary judgment. The Court declines to make credibility determinations or weigh the evidence. Therefore, plaintiff is not entitled to summary judgment.

### 4. ***Eighth Amendment***

"Conditions of incarceration 'must not involve the wanton and unnecessary infliction of

---

[44]*Id.* (citations omitted).

[45]*Id.*

[46]*Id.*

[47]*Kay v. Bemis*, 500 F.3d 1214, 1219 (10th Cir. 2007).

[48]*Id.* at 1218.

[49]*Id.* (quoting *Boles v. Neet*, 486 F.3d 1177, 1182 (10th Cir. 2007)).

pain, nor may they be grossly disproportionate to the severity of the crime warranting imprisonment.'"[50] "The conditions are to be measured by contemporary societal standards of decency."[51]

In *LeFevers*, the Court held that a dietary policy that did not conform to the requested vegetarian diet of the inmate was insufficient to establish a cognizable Eighth Amendment claim.[52] The Court stated that "although plaintiff may be unable to obtain the diet of his choice, he is given extra servings of vegetables when they are available, is provided with food when the prison menu does not include vegetables, and is given three meals each day."[53] This dietary policy did not constitute cruel and unusual punishment.[54]

Plaintiff has neither shown how his claim rises to the level of cruel and unusual punishment nor how a reasonable jury could only find in his favor. Plaintiff's only argument relies on an accusation that he was starved for over 100 days because he was not given food that he could eat in accordance with his religion. The Court does not consider this evidence in determining summary judgment because it is not supported by any evidence in the record. Plaintiff has not given any legal argument in support of his motion or pointed to any evidence in the record to prove his version of the facts. Thus, he has not met his burden under the summary judgment standard. Moreover, defendants raise a genuine issue of material fact by asserting that plaintiff has been given kosher food since January 25, 2008. Therefore, in the absence of any

---

[50] *LaFevers*, 936 F.3d at 1120 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)).

[51] *Id.*

[52] 936 F.2d at 1120.

[53] *Id.*

[54] *Id.*

meaningful discussion on the issue and the clear presence of a genuine issue of material fact, plaintiff's motion for summary judgment is denied.

**5. *Fourteenth Amendment***

Plaintiff also asserts that defendants violated his Fourteenth Amendment right to equal protection under the law. The Equal Protection Clause of the Fourteenth Amendment dictates that "No State shall . . . deny to any person within its jurisdiction the equal protection of the laws."[55] This Clause "embodies a general rule that States must treat like cases alike but may treat unlike cases accordingly."[56]

Plaintiff's motion for summary judgment lacks any argument or application of the uncontroverted facts to support his conclusory assertion that his Fourteenth Amendment rights have been violated. He has further failed to produce evidence demonstrating an absence of genuine issues of material fact. Because plaintiff has not introduced any meaningful discussion on the issue, the Court declines to construct arguments on plaintiff's behalf. Therefore, summary judgment is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiff Ritchie Moore Bey's Motion to Amend his Complaint (Doc. 12) is GRANTED.

**IT IS FURTHER ORDERED** that plaintiff Ritchie Moore Bey's Motion for Order of Protection (Doc. 25) is DENIED.

**IT IS FURTHER ORDERED** that plaintiff Ritchie Moore Bey's Motion for Summary Judgment (Doc. 39) is DENIED without prejudice.

---

[55]U.S. Const. Amend. XIV.

[56]*Thompson v. Gibson*, 289 F.3d 1218, 1222 (10th Cir. 2002).

**IT IS SO ORDERED.**

Dated this 15th day of July 2008

**S/ Julie A. Robinson**
**Julie A. Robinson**
**United States District Judge**