kaw

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **RITCHIE MOORE BEY,**  ) | |
| ) | |
| **Plaintiff,**  ) | |
| ) | |
| **vs.**  ) | **Case No. 08-3036-JAR** |
| ) | |
| **DOUGLAS COUNTY**  ) | |
| **CORRECTIONAL FACILITY,**  ) | |
| **DAVID DILLON and MIKE CARON,**  ) | |
| ) | |
| **Defendants.**  ) | |

## MEMORANDUM AND ORDER

The Court now considers defendants David Dillon and Mike Caron's Motion to Compel (Doc. 43).  The Court has reviewed the briefs and is ready to rule.  For the reasons explained in detail below, defendants' motion is granted.

**Background**

Plaintiff Ritchie Moore Bey is an inmate at the Douglas County Correctional Facility ("DCCF") in Lawrence, Kansas.  He brings this action pursuant to 42 U.S.C. § 1983 against David Dillon in his official capacity as the DCCF Operations Lieutenant, and Mike Caron in his individual capacity as Activities Director for violation of his First Amendment, Eighth Amendment, and Fourteenth Amendment rights.  Plaintiff claims that DCCF has failed to provide him with a Kosher diet in accordance with his religious beliefs.

On May 7, 2008, defendants served on plaintiff their first request for interrogatories and a request for production of documents (Docs. 43-2, 43-3).  Defendants requested personal information such as date of birth, place of residence, and past addresses.  Defendants also requested information regarding any other preparer of documents, plaintiff's intended witnesses,

and for information about any other person who is aiding plaintiff in the prosecution of his claim.

Additionally, defendants requested: when plaintiff began practicing his religion; plaintiff's basis

for his belief that he requires a Kosher diet; whether plaintiff is a member of a church, mosque,

or synagogue; how long plaintiff has observed the Kosher diet; why plaintiff believes that the

food provided at DCCF is not prepared in accordance with the requirements of a Kosher diet;

any injuries plaintiff has suffered and physicians consulted; the amount of damages claimed;

documents that provide the basis for plaintiff's observance of a Kosher diet; documents

establishing the practices and procedures for preparing Kosher foods; documents establishing

that the food at DCCF is not prepared in accordance with a Kosher diet; documents regarding

any administrative procedure plaintiff has pursued; documents sent to other individuals

concerning serving plaintiff Kosher food; and any documents received from any religious leader

regarding the preparation of Kosher foods.

     Because plaintiff failed to respond to the request for interrogatories and documents,

defendants sent a letter on June 11, 2008, requesting that plaintiff answer the interrogatories.

Plaintiff failed to respond to the letter.  On June 24, 2008, defendants contacted plaintiff by

phone and requested that their interrogatories be answered.  Instead of providing the information,

plaintiff told defendants to file a motion to compel.

**Discussion**

     Plaintiff argues that the information requested is not relevant.  Alternatively, he argues

that because he has filed a motion for summary judgment he should not have to respond to the

interrogatories.  But under Fed. R. Civ. P. 26(b)(1), "[a] request for discovery should be allowed

'unless it is clear that the information sought can have no possible bearing' on the claims or

defenses."[1]  Rule 26(b)(1) provides "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter."[2]  The Rule also states that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."[3]  "Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party."[4]

Generally, where the request for discovery is overly broad and relevancy is not readily apparent, the party seeking discovery bears the burden of demonstrating that the information is relevant.[5]  Conversely, where the information requested on its face appears relevant, the party resisting must show that the information is not relevant either because it does not fall within the scope of Rule 26(b)(1) or that the information is so marginally relevant that the potential harm outweighs the presumption of broad discovery.[6]

It seems quite evident on the face of the documents that the information requested is not

---

[1]*Manning v. Gen. Motors*, 247 F.R.D. 646, 651 (D. Kan. 2007) (quoting Fed. R. Civ. P. 26(b)(1)).

[2]Fed. R. Civ. P. 26(b)(1).

[3]*Id.*

[4]*Manning*, 247 F.R.D. at 651 (quoting *Owens v. Sprint/United Mgmt. Co.*, 221 F.R.D. 649, 652 (D. Kan. 2004)).

[5]*Id.* (citing *Owens*, 221 F.R.D. at 652); *See also Johnson v. Kraft Foods N. Am., Inc.*, 238 F.R.D. 648, 657 (D. Kan. 2006).

[6]*Id.* (quoting *Gen. Elec. Capital Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2003)); *see also Johnson*, 238 F.R.D. at 657.

overly broad. Thus, plaintiff, as the resisting party, has the burden of demonstrating that the information requested is neither relevant or that it is so marginally relevant as to be more of a potential harm than it is to lead to admissible evidence. Plaintiff has not come forth with any argument to support his claim that the information is irrelevant. Mindful, however, that plaintiff pursues his claim pro se, the Court will discuss some of the interrogatories at issue.

A number of interrogatories request information about plaintiff and his religion. Defendants request information regarding when plaintiff began practicing the religion, the tenets of the religion, and any other information regarding the requirement that believers practice a Kosher diet. The information requested is abundantly relevant. To be sure, plaintiff's claims rest on the allegation that DCCF is not providing a Kosher diet nor preparing the foods in the manner required by Kosher practitioners. Information regarding the basis of plaintiff's belief that he must eat a Kosher diet is relevant to show that plaintiff is in fact required by his faith to eat only Kosher meals. Stating the reasons why plaintiff believes that DCCF is not meeting his demands is relevant to determine exactly what plaintiff means when he claims that DCCF is not providing him with a Kosher diet.

Other requests are just as relevant, including a request for the amount of damages claimed and the type of injury claimed. Defendants request information regarding any of plaintiff's medical providers who have diagnosed plaintiff or who have seen plaintiff in regards to his alleged starvation. This information is relevant to determine if plaintiff has evidence of his allegations and to determine if plaintiff is really suffering the harm he claims.

Finally, defendants request information about supporting documents from religious leaders who have either stated that a Kosher diet is an indispensable part of plaintiff's religion or

4

stating that a Kosher diet is not necessary to plaintiff's religious practice.  Again, this information goes directly to plaintiff's claim that he must have a Kosher diet to faithfully practice his religion.  As the Court is of the view that the information requested in defendants' interrogatories is relevant to the claims and defenses and will possibly lead to the discovery of admissible evidence, defendants' motion to compel is granted.

The Court will refrain from issuing sanctions at this time.  Plaintiff, however, should take this as a warning that the Court will not stand idly by as the parties either fail to prosecute their claims or disobey Court orders.  Any further violations of the discovery rules could lead to sanctions, including dismissal of plaintiff's action.[7]

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendants' Motion to Compel (Doc. 43) is **GRANTED**.  Plaintiff must respond to defendants' interrogatories within 30 days of service of this Order.

**IT IS SO ORDERED.**

Dated this 6th day of August 2008.

**S/ Julie A. Robinson**
**Julie A. Robinson**
**District Court Judge**

---

[7]Fed. R. Civ. P. 37(b)(2)(A)(v).

5